IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EPH 2 ASSETS LLC , | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:15-cv-877-D-BN |
| | § | |
| LESLIE D. ROGERS, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for screening

pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States

District Judge Sidney A. Fitzwater. The undersigned issues the following findings of

fact, conclusions of law, and recommendation that Plaintiff EPH 2 Assets, LLC's

("EPH") Motion to Remand [Dkt. No. 7] be granted.

**Background**

On March 19, 2015, Defendant Leslie D. Rogers ("Rogers"), proceeding *pro se*,

filed a notice of removal [Dkt. No. 3], asserting that this Court has jurisdiction to

consider this lawsuit for forcible entry and detainer initiated in state court. *See* Dkt.

No. 3.

On April 2, 2015, the Court entered an order questioning the propriety of

removal but granting Rogers an opportunity to, no later than April 24, 2015, either

establish that federal jurisdiction is proper over this case or file a written response

advising the Court whether Rogers will agree that the case should be remanded to state court. *See* Dkt. No. 6. On April 20, 2015, EPH filed a motion to remand [Dkt. No. 7] in which it asserts that this Court lacks subject matter jurisdiction, that Rogers's removal of this action was defective, and that – at the time of removal – there no longer existed a live claim or controversy to remove. EPH also requests that it be awarded costs, actual expenses, and attorneys' fees as a result of this removal pursuant to 28 U.S.C. § 1447(c).

On April 22, 2015, Rogers was ordered to filed a written response to the motion no later than May 20, 2015. Rogers has responded to neither the Court's order nor the motion to remand.

The undersigned now concludes that this Court lacks subject matter jurisdiction over this action, that the motion to remand should be granted, and that the action should be remanded to the Justice Court of Dallas County, Texas, Precinct 4, Place 1, the court from which it was removed.

## Legal Standards

A defendant may remove an action filed in state court to federal court if the action is one that could have originally been filed in federal court. *See* 28 U.S.C. § 1441(a). The federal courts' jurisdiction is limited, and federal courts generally may only hear a case of this nature if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332; *cf. Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999) (federal courts have independent duty to examine their own subject matter jurisdiction). "As a general rule, absent diversity

jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003).

The removing party bears the burden of establishing jurisdiction. *See Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001). "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.,* 706 F.2d 633, 636 & n.2 (5th Cir. 1983)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

In diversity cases, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. §§ 1332(a), (b). If no amount of damages has been alleged in the state court petition, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995). The amount in controversy in an eviction proceeding, such as this one, is the value of the right to occupy or possess the property at issue. *See, e.g., Fed. Nat. Mortg. Ass'n v. Talley*, No. 3:12-cv-1967-N-BH, 2012 WL 4005910, at *2 (N.D. Tex. Aug. 16, 2012), *rec. adopted*, 2012 WL 4005760 (N.D. Tex. Sep. 11, 2012) (citing cases).

Federal question jurisdiction, under 28 U.S.C. § 1331, "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action

or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)). "A civil action filed in a state court may be removed to federal court if the claim is one 'arising under' federal law," and, "[t]o determine whether the claim arises under federal law, we examine the 'well pleaded' allegations of the complaint and ignore potential defenses: [A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." *Anderson*, 539 U.S. at 6 (citation and internal quotation marks omitted).

To support removal, therefore, a defendant "must locate the basis of federal jurisdiction in those allegations necessary to support the plaintiff's claim." *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995). "A federal question exists 'if there appears on the face of the complaint some substantial, disputed question of federal law.'" *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (quoting *Carpenter*, 44 F.3d at 366).

And a defense or counterclaim, even if it is based in federal law or raises a disputed question of federal law, will not support federal question jurisdiction for purposes of removal. *See Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) ("Nor can federal question jurisdiction rest upon an actual or anticipated counterclaim."); *id.* at 62 ("Under our precedent construing § 1331 ..., counterclaims, even if they rely exclusively on federal substantive law, do not qualify a case for federal-court

cognizance."); *Jefferson County, Ala. v. Acker*, 527 U.S. 423, 430-31 (1999) ("To remove a case as one falling within federal-question jurisdiction, the federal question ordinarily must appear on the face of a properly pleaded complaint; an anticipated or actual federal defense generally does not qualify a case for removal."); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) ("Thus, it is now settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue."); *see also MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002) ("A defense that raises a federal question is insufficient.").

Rather, "[w]hen an action is brought to federal court through the § 1441 mechanism, for both removal and original jurisdiction, the federal question must be presented by plaintiff's complaint as it stands at the time the petition for removal is filed and the case seeks entry into the federal system. It is insufficient that a federal question has been raised as a matter of defense or as a counterclaim." *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 326-27 (5th Cir. 1998) (internal quotation marks omitted). Thus, "there is generally no federal jurisdiction if the plaintiff properly pleads only a state law cause of action." *MSOF Corp.*, 295 F.3d at 490. When a plaintiff's pleadings set forth only state law claims, a federal district court has federal question jurisdiction to entertain the action only if "(1) the state law claims necessarily raise a federal issue or (2) the state law claims are completely preempted by federal law." *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008); *see*

*also Anderson*, 539 U.S. at 8 ("Thus, a state claim may be removed to federal court in only two circumstances – when Congress expressly so provides, such as in the Price-Anderson Act, or when a federal statute wholly displaces the state-law cause of action through complete pre-emption." (citation omitted)); *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 680 (5th Cir. 2001) ("Thus, to support removal, the defendant must show that a federal right is an essential element of the plaintiff's cause of action.").

## Analysis

In the notice of removal, Rogers alleged that the Court has jurisdiction over this matter on both diversity jurisdiction and federal question grounds. *See* Dkt. No. 3. Rogers failed, however, to attach to the Notice of Removal a copy of all process, pleadings, and orders served in the state court action. No facts are alleged, moreover, to show that either federal question jurisdiction or diversity jurisdiction is proper.

As to jurisdiction under Section 1332 specifically, no facts are alleged to show that diversity jurisdiction is proper. *See* Dkt. No. 3. While the notice of removal does not address the citizenship of the parties, *see* Dkt. No. 3, Rogers has associated with an address in DeSoto, Texas, *see id.* at 1, 3, and 6, but has also identified that EPH may be served at an address in Houston, Texas, *see id.* at 4.

Further, EPH has provided evidence that it is a Delaware limited liability company (an "LLC"); that its principal place of business is Austin, Texas; that its sole member is Vaca Morada Partners, LP ("VMP"), a Delaware limited partnership; and that certain limited partners of VMP are citizens of Texas. *See* Dkt. Nos. 7-1 & 7-2. "[L]ike limited partnerships and other unincorporated associations or entities, the

citizenship of a LLC is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (in which the Fifth Circuit "join[ed]" the same holding of "[a]ll federal appellate courts that have addressed the issue" (collecting cases)). Thus, because members of VMP, a limited partnership, are citizens of Texas, VMP itself is a citizen of Texas. And, because VMP is EPH's sole member, EPH, too, is a citizen of Texas. *See, e.g., Alvarez v. Aldi (Texas), L.L.C.*, No. 3:13-cv-4122-L, 2014 WL 1694901, at *3 (N.D. Tex. Apr. 28, 2014) ("For purposes of its analysis, the court accepts as true Plaintiff's argument that Aldi, Inc. (Penn) is the sole member of Aldi (Texas) L.L.C. Aldi Inc. (Penn) is a Pennsylvania corporation with its principal place of business in Pennsylvania. This, of course, would make Aldi, Inc. (Penn) a citizen of Pennsylvania, and thus, under Plaintiff's argument, Aldi (Texas) L.L.C. is a citizen of Pennsylvania."); *accord Sheikholeslami v. BAC Home Loans Servicing, L.P.*, No. 4:11CV462, 2011 WL 4916552, at *1 (E.D. Tex. Sept. 19, 2011), *rec. adopted*, 2011 WL 4916542 (E.D. Tex. Oct. 17, 2011); *Dixon v. Coca-Cola Refreshments, USA, Inc.*, No. 13-6189, 2014 WL 1513574, at *1 n.8 (E.D. La. Apr. 15, 2014).

Thus, Rogers has failed to establish diversity jurisdiction.

As to jurisdiction under Section 1331, the removal papers make it clear that Rogers alleges a federal question based on a defense and/or a counterclaim that Rogers seeks to litigate in response to EPH's state court forcible detainer action. *See* Dkt. No. 3. In the notice of removal, Rogers alleged that there is a federal question as the result of "the taking of real property by an illegal non-judicial foreclosure methodlgy without due process." *Id.* at 2. But, as set forth above, a defense or counterclaim, even if it is

-7-

based in federal law or raises a disputed question of federal law, will not support federal question jurisdiction for purposes of removal. *See Vaden*, 556 U.S. at 60, 62; *Acker*, 527 U.S. at 430-31; *Caterpillar*, 482 U.S. at 393; *MSOF Corp.*, 295 F.3d at 490.

In the notice of removal, moreover, Rogers failed to allege, much less show that EPH raised any federal law causes of action or any substantial, disputed question or issue of federal law in its state court forcible detainer action or that EPH's state law claims are completely preempted by federal law. Rogers also did not attach a complete copy of the state court petition so that the Court could review the state court petition's claims. As a result, Rogers has not established that federal question jurisdiction exists under 28 U.S.C. § 1331. *See Stump v. Potts*, 322 F. App'x 379, 380 (5th Cir. Apr. 17, 2009) (per curiam) ("The complaint filed in the state court was a simple suit to evict arising under state law. The complaint provided no basis for federal question jurisdiction. The fact that Potts brought up possible federal question claims in her answer and counterclaim cannot be considered in determining the existence of removal jurisdiction. Therefore, the district court lacked jurisdiction to allow the removal of the action." (citations omitted)); *Federal Nat'l Mortg. Ass'n v. Elliott*, No. 3:10-cv-1321-L, 2010 WL 4627833, at \*3 (N.D. Tex. Nov. 16, 2010) ("Forcible detainer actions do not meet [the well-pleaded complaint rule's] standard. Plaintiff's Complaint is simply one to evict Defendants and obtain physical possession of the Property under state law. The Complaint raises no federal claim or issue and provides no basis for federal question jurisdiction. The proper court for a forcible detainer action under Texas law is '[a] justice court in the precinct in which the real property is located....' TEX. PROP. CODE

ANN. § 24.004 (Vernon 2000). There is no state action in a non-judicial foreclosure and subsequent forcible detainer action. *See Barrera v. Security Bldg. & Inv. Corp.,* 519 F.2d 1166, 1174 (5th Cir. 1975). Because the Complaint does not raise a federal issue and no state law claim has been completely preempted by federal law, this court lacks subject matter jurisdiction on this basis to entertain this action."); *accord U.S. Bank Nat'l Ass'n v. McAfee*, No. 4:12-cv-804-A, 2013 WL 48500, at \*1-\*2 (N.D. Tex. Jan. 3, 2013) (remanding forcible detainer action under similar circumstances); *Wells Fargo Bank v. Matts*, No. 3:12-cv-4565-L, 2012 WL 6208493, at \*4-\*5 (N.D. Tex. Dec. 13, 2012) (same).

For these reasons, the undersigned concludes that the Court lacks subject matter jurisdiction over the action.

Although EPH also contends that remand is required because, among other reasons, removal of the case was untimely, the other grounds for remand are mooted by the conclusion that the Court lacks subject matter jurisdiction over the action. The Court therefore need not decide those issues.

Finally, because Rogers's removal was wrongful, EPH seeks its attorneys' fees under 28 U.S.C. § 1447(c). *See* Dkt. No. 7 at 10-11. An award of costs, expenses, and attorneys' fees pursuant to 28 U.S.C. § 1447(c) is within the discretion of the trial court. *See Miranti v. Lee*, 3 F.3d 925, 928 (5th Cir. 1993). Because Rogers is proceeding *pro se*, the undersigned does not find that there are no "objectively reasonable grounds to believe the removal was legally proper." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000). While this case should have not been removed, the

undersigned recommends that, in the interest of justice, the Court exercise its discretion to decline to award EPH's requested costs, expenses, and attorneys' fees in light of Rogers's *pro se* status. *See Elliott*, 2010 WL 4627833, at *5 (declining to award attorneys' fees and costs because the Court could not say that the removal was objectively unreasonable where the defendant was *pro se*).

## Recommendation

Because the Court lacks jurisdiction over this action, it should grant the motion to remand [Dkt. No. 7] and remand the action to the Justice Court of Dallas County, Texas, Precinct 4, Place 1, the court from which it was removed.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 9, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE